OPINION AND JUDGMENT ENTRY
{¶ 1} This matter comes on appeal from a December 11, 2007 judgment of the Common Pleas Court, Juvenile Division, finding that Sarah L. Heffter is qualified to serve as a Guardian Ad Litem in this case. Such finding was made after the trial court received a copy of her Certificate of Completion of the Ohio Guardian ad Litem Training course and upon a review of her other training received for the position to which she was appointed.
 {¶ 2} Civ. R. 75 (B)(2) authorizes a Domestic Relations court to appoint a guardian ad litem. It is stated therein "(2) When it is essential to protect the interest of a child, the court may join the child of the parties as a party defendant and appoint a guardian ad litem and legal counsel, if necessary, for the child and tax the costs;".
 {¶ 3} In this case the parties had divorced by way of a decree filed November 12, 1998. Subsequently, on October 5, 2000, a shared parenting decree was filed. On January 5, 2005 appellee filed a motion to terminate shared parenting. On October 25, 2005 Sarah L. Heffter was appointed as guardian ad litem and the parties were ordered to each post the sum of Five Hundred and 00/100 Dollars ($500.00) as fees for the guardian ad litem. No appeal was taken from the appointment order. Appellee complied. Appellant filed for bankruptcy.
 {¶ 4} On February 7, 2007 a court Magistrate filed a Decision recommending that shared parenting be terminated and that a set visitation schedule for appellant be adopted by the court. Appellant filed an objection and it appears from the docket record that the trial court has not yet entered a final ruling on the allocation of parental rights and responsibilities, as the docket discloses there were intervening emergency ex parte motions regarding summer visitation, appeals taken to this court and the involvement of several magistrates addressing various issues between the parties to this proceeding.
 {¶ 5} For the following reasons we find that we lack jurisdiction to review the December 11, 2007 judgment finding Sarah L. Heffter to be a qualified guardian ad litem.
 {¶ 6} This court only has jurisdiction to review final orders as defined by R.C. 2505.02. That section recites as follows: *Page 2 
 {¶ 7} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 8} (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 9} (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 10} (3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 11} (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 12} (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 13} (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 14} (5) An order that determines that an action may or may not be maintained as a class action;
 {¶ 15} (6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, * * *."
 {¶ 16} The 10th District Court of Appeals held in Davis v. Lewis (Feb. 18, 2999), Franklin App. No. 98AP-661; unreported, that "The appointment of a guardian ad litem and an order requiring a party pay a deposit for guardian ad litem fees do not fit within any of the definitions set forth in R.C. 2505.02(B)." See also Matsa v. Michael Powers,Investigations, Inc. (Nov. 9, 2004), Franklin App. Nos. 04AP-807; 04AP-880, unreported.
 {¶ 17} The function of a guardian ad litem is " — to protect the best interest of the child, including, but not limited to, investigation, medication, monitoring court proceedings, and monitoring the services provided the child by the public children services agency or private child placing agency that has temporary or permanent custody of the child, and shall file any motions and other court papers that are in the *Page 3 
best interest of the child." R.C. 2151.281(I) cited in In reNibert, (Jan. 22, 2004), Gallia App. No. 03CA19, unreported.
 {¶ 18} The mere appointment of a guardian ad litem does not affect a substantial right of the appellant, as that term is defined in R.C. 2505.02(A)(1). The guardian ad litem is an advocate for the child's best interest. In re Baby Girl Baxter (1985), 17 Ohio St. 3d 229, 232, 479
N.E.2d 257.
 {¶ 19} Assuming arguendo that an appointment order is subject to immediate review, appellant waived that right by failing to timely appeal the appointment order.
 {¶ 20} Court records show that Sarah L. Heffter was appointed as guardian ad litem on October 25, 2005. Copies of that order were provided by the court to all counsel involved in the proceeding, including then counsel for appellant. If appellant had concerns about the qualifications of Sarah L. Heffter he had every opportunity to challenge the appointment order at the appropriate time by filing a notice of appeal to this court. He did not pursue that available legal remedy.
 {¶ 21} This appeal is dismissed for lack of a final appealable order.
 {¶ 22} Costs taxed against appellant Raymond R. Yoel.
 {¶ 23} Final order. Clerk to serve notice as provided by the Civil Rules upon counsel of record or unrepresented party and Attorney Sarah Heffter, Guardian ad Litem.
Donofrio, J., concurs
Vukovich, J., concurs
Waite, J., concurs
 (Judges of the Seventh Appellate District Sitting by Assignment) *Page 1